*514 OPINION OF THE COURT
Jack M. Battaglia, J.
In this mortgage foreclosure action commenced on July 11, 2007, plaintiff Credit Suisse Financial Corporation moves for an order “confirming the Referee’s Report to Compute, and for a Judgment of Foreclosure and Sale.” The mortgaged property is located at 1363 East 53rd Street, Brooklyn; the mortgagor is defendant Jean Lisvonsce.
This court issued an order of reference on August 24, 2009, appointing Sean R. Smith, Esq. as Referee. Plaintiff subsequently moved for an order “confirming the Referee’s Report to Compute, and for a Judgment of Foreclosure and Sale.” With a decision and order dated December 13, 2011, this court denied the motion,
“with leave to renew with an affirmation in compliance with Administrative Order of the Chief Administrative Judge of the Courts, AO/548/10 . . . and AO/431/11 . . . ; together with a proposed Judgment of Foreclosure and Sale that follows the court’s recommended form, or, if not, one accompanied by counsel’s affirmation detailing any difference from the court’s recommended form and a statement as to why the latter is not fully appropriate here.”
With this motion, plaintiff renews its prior motion, purportedly to comply with the conditions for renewal imposed by the 2011 decision and order. Plaintiff submits a foreclosure affirmation of Ted Eric May, Esq. of the firm Sheldon May & Associates, PC., and an affidavit of Merlobel Custodio, described as “Document Control Officer, for Select Portfolio Servicing, Inc., the servicing agent and Attorney in Fact for the Plaintiff.” Although not attached to the affidavit, plaintiff submitted to the Referee a copy of a limited power of attorney dated May 10, 2006, given to Select Portfolio Servicing, Inc. by DLJ Mortgage Capital, Inc. As defendant mortgagor Lisvonsce notes in the opposition to this motion, DLJ Mortgage Capital, Inc. is not plaintiff.
On October 20, 2010, “in response to recent disclosures by major mortgage lenders of significant insufficiencies — including widespread deficiencies in notarization and ‘robosigning’ of supporting documents — in residential foreclosure filings in courts nationwide,” an administrative order of the Chief Administrative Judge of the Courts “instituted a new filing requirement in residential foreclosure cases to protect the integrity of the fore *515 closure process and prevent wrongful foreclosures.” (See NY St Unified Ct Sys, Press Release, New York Courts First in Country to Institute Filing Requirement to Preserve Integrity of Foreclosure Process, Oct. 20, 2010.)
In operative part, the administrative order provided:
“[Effective immediately, plaintiffs counsel in residential mortgage foreclosure actions shall file with the court in each such action an affirmation, in the form attached hereto, at the following times: . . .
“In cases pending on such effective date, where no judgment of foreclosure has been entered, at the time of filing either the proposed order of reference or the proposed judgment of foreclosure.” (Administrative Order of the Chief Admin Judge of Cts, AO/548/10, Oct. 10, 2010.)
On March 2, 2011, but “effective November 18, 2010, nunc pro tunc,” the form of counsel’s affirmation was revised, and a supporting affidavit by “a representative of plaintiff” was permitted “in addition to such other information as the court may require.” (See Administrative Order of the Chief Admin Judge of Cts, AO/431/11, Mar. 2, 2011.) The times for filing the affirmation remained the same.
Here, the foreclosure affirmation of Ted Eric May, Esq. recites that he spoke to “the following representative of Plaintiff,” naming Merlobel Custodio as “Document Control Officer.” The foreclosure affirmation conforms to the administrative order, except that the following paragraph is added:
“5. The file was transferred to the firm of Sheldon May & Associates, EC. on 6/24/2009 from the law offices of Jordan Katz, PC. Sheldon May & Associates, EC. cannot attest to the supporting affirmations filed with the Court, as well [as] accuracy of the notarizations contained in the supporting documents filed prior to the transfer of the file.”
Since plaintiffs motion for an order of reference was made well before June 24, 2009, counsel’s affirmation disclaims any responsibility for any of the documents upon which the order of reference dated August 24, 2009 was based. However, the Referee was provided an affidavit in support of the Referee’s oath and report of amount due, dated October 20, 2009, executed by Brian Lanstra, described as “an Officer for Select Portfolio Servicing, Inc., the servicing agent as Attorney in Fact for the Plaintiff.” Attached to Mr. Lanstra’s affidavit is a copy of the limited power of attorney dated May 10, 2006, described above.
*516 As noted above, the foreclosure affirmation is supported by the affidavit of Merlobel Custodio. The affidavit conforms to the administrative order, and the affiant asserts that she took the following actions “in order to confirm the truth and veracity of the statements made.”
“A_ Confirmed the notice of default, if required, was properly mailed prior to commencement of foreclosure.
“B _ Reviewed the summons and complaint in this action to confirm the factual accuracy of the identity of the proper plaintiff, the defaults and the amounts claimed to be due to plaintiff as set forth therein.
“C _ Confirmed the affidavit(s) executed and submitted by plaintiff together with this application have been personally reviewed by the signatory; that the notary acknowledging the affiant’s signature followed applicable law in notarizing the affiant’s signature.”
None of the documents submitted on this motion, including the documents submitted to the Referee, is executed by an officer or employee of plaintiff. Nowhere does plaintiff make any showing that Select Portfolio Servicing, Inc. is authorized to act for plaintiff pursuant to the limited power of attorney given by DLJ Mortgage Capital, Inc., or otherwise. Indeed, plaintiff did not reply to defendant mortgagor Lisvonsce’s opposition, which asserted the deficiency.
The deficiency is not merely formal or technical. The administrative order was clearly designed, not only to provide assurances that foreclosures are executed in accordance with law, but to allow for assignment of responsibility, presumably with attendant consequence, when they are not. Those purposes are undermined where a foreclosing plaintiff may disclaim the authority of persons or entities purportedly acting on its behalf. Submission by counsel of a purported agent’s statement or writing is insufficient where counsel or the plaintiff, or both, are free to disclaim counsel’s authority to act for the plaintiff in this regard. Indeed, plaintiffs counsel here appears to recognize the significance of submissions made in response to the administrative order by their disclaimer of responsibility for matters undertaken prior to their retention.
In the absence of any evidence that an officer or employee of Select Portfolio Servicing, Inc. is authorized to act as a “representative” of plaintiff, neither documents executed by such *517 persons, such as the respective affidavits of Merlobel Custodio and Brian Lanstra, nor communications by counsel with such persons, can comply with the requirements of the administrative order, or otherwise support a judgment of foreclosure and sale.
The court has noted the affidavit in opposition of defendant mortgagor Jean Lisvonsce, stating, “The plaintiff has not served me with the summons and complaint as required by law.” Defendant Lisvonsce does not assert that he or she did not receive the summons and complaint; does not show that service as purportedly made as described in the affidavit of service dated July 17, 2007 was defective; and has not moved to vacate the order of reference because of improper service.
Plaintiffs motion is denied, with leave to renew in accordance with this opinion.